WILLIAM H. BUSBY v. YAZOO & MISSISSIPPI VALLEY RAILROAD
COMPANY.

[43 South., 1.]

PRINCIPAL AND AGENT. *Unauthorized act. Scope of agency. Duty to
ascertain. Contracts.*

> Persons who deal with the agent of another must learn the scope
> of his authority or act at their own peril.

FROM the circuit court of Wilkinson county.

HON. MOYSE H. WILKINSON, Judge.

Busby, the appellant, was the plaintiff in the court below,
and the railroad company, the appellee, was defendant there.
From a judgment in defendant's favor predicated of a peremp-
tory instruction, the plaintiff appealed to the supreme court.

Busby sued the defendant railroad company for $1,990, dam-
ages sustained by him, as averred, from the failure of the com-
pany to construct a switch or spur track from its main line of
railroad to his sawmill, under an alleged contract entered into
between him and the defendant's roadmaster and traveling
freight agent, by which, according to the testimony of plaintiff,
it was agreed that upon his doing the grading and furnishing
the cross-ties, the railroad company would lay the track.   Plain-
tiff offered evidence tending to show negotiations with Downs,
defendant's roadmaster, and O'Conner, defendant's traveling
freight agent, by which and in which defendant company
agreed to construct the switch track, the cost of the grading
to be borne and the cross-ties to be furnished by plaintiff, and
a contract to this effect was made.   Subsequently the defend-
ant company's traveling freight agent, O'Conner, had the neces-
sary surveys made, and gave to plaintiff a blue print of the
plans and specifications of the switch track, and plaintiff made
the necessary grading according thereto and furnished the cross-

ties at considerable expense; that defendant company refused to comply with the contract, whereby plaintiff suffered the expenses of the grading, the purchase price of ties, and lost heavily by reason of his inability to transport lumber from his mill to distant purchasers.

The defendant company defended on the ground that its agents had not entered into any contract with plaintiff to construct the switch track, and that the officials named by plaintiff as having made such contract were without authority in the premises. It further offered evidence showing that by the company's course of business and rules, whenever application was made by any person for a switch track "it was required to be made in writing to the superintendent of the road, whereupon the roadmaster would be sent to inspect and determine its expediency and cost, after which a blue print would be made of the proposed switch track, and the application and report and the blue print and all other specifications throwing light upon the subject would be submitted to the traffic department of the company for determination of the probable revenue to be derived by the company from the switch, and thereafter the matter would be laid before the second vice-president of the company for final action and approval." It was further shown in evidence that the traffic department disapproved the laying of the switch track, and so notified plaintiff.

*Clem V. Ratcliff,* for appellant.

The damage to the plaintiff was not controverted by the railroad company, but practically admitted. The company's defense was, first, that its agents made no contract, and, second, if such contract was made with plaintiff, that the company's agents who made it were acting beyond their authority. Yet, each of the two witnesses for the defendant company, to-wit, the roadmaster and the general freight agent, admitted himself to be an authorized general agent for the company in his line of duty, and each of the two admitted that a part of his

duty led him to consider and pass upon the construction of this spur track, and that he was consulted about the matter. It is not the province of the judge to pass upon the credibility of the evidence. The acts and conduct of the two witnesses for the defendant made them the authorized agents of the defendant.

An agency may be created either by express words, or by the acts of the principal and agent; or it may be implied or inferred from circumstances and conduct of the parties. *Geylin* v. *DeVelleroi*, 2 Houst., 311. To the same effect, see *Fay* v. *Richmond*, 43 Vt., 25; 1 Am. & Eng. Ency. Law, 410; *Dye* v. *Virginia Midland R. R. Co.*, 20 D. C., 63; *Florida, etc., R. R. Co.* v. *Branedoe*, 81 Ga., 175.

The defendant is estopped to deny the agents' authority under the proof in this case. *Baker* v. *Kansas City, etc., R. R. Co.*, 3 S. W., 486. The principal must disaffirm within a reasonable time, or he ratifies the acts of his agents. *Weiss* v. *Morgan*, 51 Miss., 21; *Cotton* v. *Hiller*, 52 Miss., 7; *Meyer* v. *Baldwin*, 52 Miss., 263.

It was certainly a question of fact for the jury, whether the conduct of the admitted agents of the company, dealing with the plaintiff as they did, bound the defendant.

*Mayes & Longstreet,* for appellee.

The evidence shows, without dispute, that neither Downs, the roadmaster, nor O'Conner, the traveling freight agent, had authority of any kind to contract for the switch track. Moreover, both denied the making of such contract.

If Busby, in dealing with the traveling freight agent, knew he was the agent of the company, he dealt with him at his peril; and the question of any rights acquired by him must be determined by the ultimate demonstration of the power and authority of the agent. *Brown* v. *Johnson*, 12 Smedes & M., 398; *Dozier* v. *Freeman*, 47 Miss., 660; *Kinnare* v. *Gregory*, 55 Miss., 612; *Railroad Company* v. *Scott*, 64 Miss., 713.

Calhoon, J., delivered the opinion of the court.

It is abundantly shown by direct evidence that neither Downs, the roadmaster, nor O'Conner, the traveling freight agent, had any authority to contract for the switch track. So, if either tried to make such contract, which is denied, no power existed; and there is no evidence, direct or indirect, or of custom or precedent, that there was such power or authority, and those who deal with an agent, or supposed agent, must learn the scope of the agency, as to which they act at their peril.

*Affirmed.*